IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EX PARTE, JOSE FRANCISCO DIAZ, SUI JURIS,**

    **Petitioner,**

v.                                          **No. CV 07-1214 MV/LAM**

**MARTHA VASQUEZ [sic] and,**
**UNITED STATES OF AMERICA,**

    **Respondents,**

**and**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                            **No. CR 03-2112 MV**

**JOSE FRANCISCO DIAZ,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** is before the Court on the ***Petition For Writ Of Habeas Corpus*** (*CV Doc. 1; CR Doc. 682*) filed by Defendant-Petitioner Jose Francisco Diaz (hereinafter, "Defendant") on November 26, 2007. Defendant was indicted and convicted of drug charges in CR 03-2112 MV under 21 U.S.C. §§ 841(b)(1)(A) and 846. In his petition, Defendant asserts that the Court did not have subject matter jurisdiction of the criminal proceeding.

    The relief Defendant seeks, if available, must be pursued under 28 U.S.C. § 2255. Defendant claims the Court lacked subject matter jurisdiction of the criminal proceeding, and he seeks relief under the habeas corpus statutes. The terms of § 2255, however, provide the exclusive avenue for

an attack on a federal criminal conviction. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). Defendant's *pro se* characterization of his claims is not dispositive. *See Roman-Nose v. New Mexico Dep't. of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

Defendant's claims are expressly contemplated by § 2255. Relief is available under § 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255. In this circumstance,

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)). In light of the ruling in *Kelly*, the Court notes that the instant petition, if construed as a motion under § 2255, is subject to a one-year limitation period and also that Defendant may be barred from filing a subsequent § 2255 motion. If Defendant does not withdraw the petition, the Court may dismiss it or recharacterize it and consider it as a motion under § 2255.

**IT IS THEREFORE ORDERED** that Defendant is hereby notified that, **within twenty (20) days from entry of this order**, he may either withdraw his petition or he may notify the Court in writing that he agrees to have the petition recharacterized and considered as a motion under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**